ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WEINSTEIN, J.

Willie Breeden,

                                    Plaintiff,                    **VERIFIED
                                                                   COMPLAINT**

        -against-

P.O. Shartisi Lewis Shield #30300, Police Officers          CIVIL ACTION
John Doe, 1-5, Lt. Thomas Passolo, Sgt John Doe 6,
the City Of New York,

                                    Defendants.
—————————————————————————X

        **NOW COME** the Plaintiff, **WILLIE BREEDEN,** by and through his

attorney, **D. Andrew Marshall, Esq.** for his Complaint against the Defendants,

respectfully shows to this Court and allege:

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of

plaintiff's rights under the Constitution of the United States.

## VENUE AND JURISDICTION

1.   That jurisdiction is founded upon the existence of a Federal Question.

2.   That this an action to redress the deprivation under color of statute, ordinance,

     regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by

     the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the

     United States, 42 U.S.C. §1983 and arising under the laws and statutes of the State of

     New York.

3.   That jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being an

     action authorized by law to redress the deprivation under color of statute, ordinance,

     regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by

     the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the

1

United States, 42 U.S.C. §1983 and arising under the law and statutes of the State of New York.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

5. The amount in controversy exceeds, exclusive of interest and costs, the sum or value of SEVEN-FIVE THOUSAND ($75,000.00) DOLLARS.

## JURY DEMAND

7.    Plaintiff demands a trial by jury in this action.

## PARTIES:

6. Upon information and belief the Plaintiff Willie Breeden, Hereinafter "Plaintiff Breeden," is a citizen of the United States and a resident of the County of Kings, City and, State of New York.

7. Upon information and belief, that at all times, hereinafter mentioned, the Defendant THE CITY OF NEW YORK, hereinafter "Defendant NYC" was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, that at all times, hereinafter mentioned, the Defendant NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department, hereinafter "Defendant NYPD," including all the police officers and law enforcement personnel thereof.

9. Upon information and belief, NYPD is responsible for the appointment, training, supervision, promotion and discipline of the police offices and supervisory police officers, including the individually named Defendant herein.

10. Upon information and belief, at all times hereinafter mentioned, and on or prior to

2

May 26, 2012 and at all other relevant times, Defendant POLICE OFFICER SHARTISI LEWIS, hereinafter "Defendant LEWIS," was employed by Defendant NYC and NYPD at the 81st Precinct as a police officer. She is sued in their individual and official capacities.

11. Upon information and belief, that at all times hereinafter mentioned, and on or prior to May 26, 2012 and at all other relevant times, Defendant Police Officers John Doe 1-5, hereinafter "Defendants Doe 1-5," were employed by Defendant NYC and NYPD employed by Defendant NYC and NYPD at the 81st Precinct as police officers. They are sued in their individual and official capacities.

12. Upon information and belief, that at all times hereinafter mentioned, and on or prior to May 26, 2012 and at all other relevant times, Defendant Supervising Police Officer Sgt. John Doe 6, hereinafter "Defendant Sgt. Doe 6" was employed by Defendant NYC and NYPD at the 81st Precinct as police officers with the rank of sergeant. He is sued in their individual and official capacities.

13. Upon information and belief, that at all times hereinafter mentioned, and on or prior to May 26, 2012 and at all other relevant times, Defendant Supervising Police Officer Lt. Thomas Passolo, hereinafter "Defendant Passolo" was employed by Defendant NYC and NYPD at the 81st Precinct, as police officers with the rank of lieutenant. He is sued in their individual and official capacities.

14. Defendants Doe 1-5 and Defendant Sgt. Doe 6were employed by Defendant NYC, as police officers or supervisors, whose true names and shield numbers are presently unknown to Plaintiff. They are sued in their individual and official capacities.

3

## FACTS:

15. Upon information and belief, on or about May 26, 2012, and at all relevant times, Defendant LEWIS was working as a police officer within the confines of the 81st Precinct.

16. Upon information and belief, on or about May 26, 2012, and at all relevant times, Defendant Sgt. Doe 6 was working as a police officer within the confines of the 81st Precinct.

17. Upon information and belief, on or about May 26, 2012, and at all relevant times, Defendants Doe 1-5 were working as police officers within the confines of the 81st Precinct.

18. Upon information and belief, on or about May 26, 2012, Plaintiff Breeden was living within the confines of the 81st Precinct and walking in the vicinity of 912 Gates Avenue, Kings County, City and State of New York with no criminality afoot.

19. Upon information and belief, on or about May 26, 2012 in the vicinity of 912 Gates Avenue, Kings County, City and State of New York, Defendant LEWIS stopped, searched and seized Plaintiff Breeden without probable cause, reasonable suspicion or other legal reason.

20. Upon information and belief, on or about May 26, 2012 in the vicinity of 912 Gates Avenue, Kings County, City and State of New York, Defendants Doe 1-5 were present and assisted Defendant LEWIS as she stopped, searched and seized Plaintiff Breeden without probable cause, reasonable suspicion or other legal reason.

21. Upon information and belief, on or about May 26, 2012 in the vicinity of 912 Gates Avenue, Kings County, City and State of New York, Defendants Sgt. Doe 6 was present and or made aware that Defendant LEWIS had stopped, searched and

seized Plaintiff Breeden without probable cause, reasonable suspicion or other legal reason.

22. Upon information and belief, on or about May 26, 2012 in the vicinity of 912 Gates Avenue, Kings County, City and State of New York, Lt. Passolo was present and or made aware that Defendant LEWIS had stopped, searched and seized Plaintiff Breeden without probable cause, reasonable suspicion or other legal reason.

23. Upon information and belief, on or about May 26, 2012 was removed to the 81st Precinct where Plaintiff Breeden was subjected to a body cavity search.

24. Upon information and belief, on or about May 26, 2012 no contraband was recovered form Plaintiff Breeden.

25. Upon information and belief, on or about May 26, 2012 while inside of the 81st Precinct, Plaintiff Breeden complained to the defendants about a pre-existing medical condition that was aggravated while in police custody but was denied medical attention.

26. Upon information and belief, on or about May 26, 2012 Plaintiff Breeden was transferred to the Kings County Central Bookings where Defendant Does 1-5 subjected Plaintiff Breeden to a second body-cavity search and recovered no contraband.

27. Upon information and belief, on or about May 26, 2012, while inside of the Kings County Booking, Plaintiff Breeden complained to the defendants about a pre-existing medical condition that was aggravated while in police custody but was denied medical attention.

28. Upon information and belief, on or about May 27, 2012, in the Criminal Court of the City of New York, County of Kings, the matter of People v. Willie Breeden,

Docket No. 2012KN043390 was dismissed pursuant to Criminal Procedure Law §170.56.

29. Upon information and belief, at all relevant times the defendants devised and authorized policies and practices geared towards stopping, searching, seizing and maliciously prosecuting civilians in circumvention of the Constitutional and civil rights of said civilians.

30. Upon information and belief, defendants, thereafter condoned individual Defendant police officers hereinafter stopping, searching, and seizing civilians who had not violated the law and then falsely charging them with having violated the law, then filing false criminal complaints and arrest reports after having arrested them.

31. Each and all of the acts of the Defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of Kings, 81st Precinct, and under the authority of their office as police officers of said state, city and county.

32. This action arises under the United States Constitution, particularly under provisions of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United States Code §1983 as well as the Constitution and laws of the State of New York.

6

## PENDANT STATE CLAIMS:

33. That Notice of the Plaintiff's Claim and Notice of Intention to Sue for Damages for false arrest and otherwise has NOT been served upon the Comptroller of Defendants THE CITY OF NEW YORK.

34. That pursuant to §50(h) of the General Municipal Law hearings have NOT been held.

35. That this action is commenced within one year and 90 days after the cause of action arose.

# I.

# AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF BREEDEN: CIVIL RIGHTS ACTION 42 USC §1983

36. The Plaintiff Breeden, hereby repeat, reiterate and re-allege each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully and at length set forth herein.

37. This action arises under the United States Constitution, particularly under provisions of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, §1983 as well as the rights under the Constitution and laws of the State of New York.

38. Each and all of the Defendants' acts alleged herein were done by the Defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of the Bronx,

and under the authority of their office as police officers of said state, city and county.

39. Upon information and belief, on or about May 26, 2012 and all relevant times, Plaintiff Breeden , Plaintiff Breeden was living within the confines of the 81st Precinct and walking in the vicinity of 912 Gates Avenue, Kings County, City and State of New York with no criminality afoot.

40. Upon information and belief, on or about May 26, 2012 s Defendant LEWIS and Defendants DOE 1-2 were present at or near 912 Gates Avenue, Kings County, City and State of New York as part of their regular and official employment as police officers for the Defendant NYC.

41. Upon information and belief, on or about May 26, 2012 the Plaintiff was unarmed, unthreatening and unequivocally innocent of any crime, had not violated or breached any law, code, regulation, ordinance, statute or otherwise in effect on said date and time.

42. Upon information and belief, on or about May 26, 2012 Defendant LEWIS and Defendants DOE 1-2 entered into an agreement and devised a plan to arrest Plaintiff regardless of whether probable cause existed.

43. Upon information and belief, on or about May 26, 2012 Defendant LEWIS and Defendants DOE 1-2 knew or had reason to know that the alleged plan was in fact an agreement to deprive and violate Plaintiff Breeden of his constitutional and civil rights.

44. Upon information and belief, on or about May 26, 2012 Plaintiff Breeden complied with the illegal stop and search that did not result in the recovery of contraband from his person or personal effects.

8

45. Upon information and belief, on or about May 26, 2012, Defendant LEWIS, thereafter took Plaintiff Breeden to the 81st Precinct where she wrote and filed a complaint against Plaintiff Breeden.

46. Upon information and belief, on or about May 26, 2012 Defendants Doe 1-5 subjected Plaintiff Breeden to a body-cavity search that did not result in the recovery of contraband from his person or personal effects.

47. Upon information and belief, on or about May 26, 2012  while at the 81st Precinct complained of illness but was ignored and denied medical attention by the defendants.

48. Upon information and belief, on or about May 26, 2012 Defendants removed Plaintiff Breeden from the 81st Precinct to the Kings County Central Bookings.

49. Upon information and belief, on or about May 26, 2012 Plaintiff Breeden was transferred to the Kings County Central Bookings where Defendant Does 1-5 subjected Plaintiff Breeden to a second body-cavity search and recovered no contraband.

50. Upon information and belief, on or about May 26, 2012, while inside of the Kings County Booking, Plaintiff Breeden complained to the defendants about a pre-existing medical condition that was aggravated while in police custody but was denied medical attention.

51. and each of them, separately, and in concert acted under color and pretense of law, to wit: engaged in the illegal conduct here mentioned to the injury of the Plaintiff Breeden and deprived him of the rights, privileges and immunities secured to Plaintiff by the Fourth, Fifth, Eighth  and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

9

52. The unlawful and illegal conduct of the Defendants, agents, servants, and employees, and each of them, deprived the Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York:

  a) the rights of the Plaintiff to be secure in their person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments of the Constitution of the United States;

  b) the right of the Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the law secured by the Fourteenth Amendment to the Constitution of the United States; and, the right to due process of law secured by the Fifth Amendment of the United States.

  c) the right of the Plaintiff not to be subjected to cruel and unusual punishment secured to him under the Eighth Amendments of the Constitution of the United States.

53. That the aforesaid actions and omissions violations violated 42 U.S.C. §1983.

54. That the Defendants, who tacitly and implicitly agreed to enter into a nefarious scheme, wrongfully deprived and compelled the Plaintiff to abandon his rights and privileges as provided to him under the Constitution of the United States of America, the Constitution of the State of New York, and laws thereto.

55. That by reason of the aforesaid violations, the Defendants, their agents, servants, and employees acted as persons under color of any statute, ordinance, regulation, custom or usage of the City of New York and NYPD.

56. That by reason of the aforesaid violations, the Defendants, their agents, servants, and employees, acting within the scope of their authority and without any probable cause

wrongfully, compelled the Plaintiff to abandon his rights and privileges, thereby causing him harm.

That by reason of the aforesaid, the Plaintiff Breeden has been damaged.

# II.
## AS AND FOR A SECOND CAUSE OF ACTION: <u>ATTORNEY FEES 42 U.S.C. §1988</u>

57. The Plaintiff repeats, reiterates, re-alleges and incorporates paragraphs numbered 1 through 56 inclusive as if fully set forth herein and Plaintiff further alleges:

58. That in the event this Court or jury determines that the Plaintiff's civil rights have been violated under 42 U.S.C. §§1981, 1983, 1985(3) and he is victorious upon a related claim herein, he demands attorney's fees to compensate his attorney for his time, expenses, disbursements, and efforts in prosecuting his claim.

59. That the Plaintiff are entitled to and hereby makes claim for the recovery of reasonable attorney's fees incurred as a result of prosecuting their claim against the individually named police officer pursuant to 42 U.S.C. §1988.

# III.

## AS AND FOR A THIRD CAUSE OF ACTION: PUNITIVE DAMAGES AGAINST CAPTAIN LEWIS and <u>EACH INDIVIDUALLY NAMED DEFENDANT</u>

60. The Plaintiff Breeden hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 59 with the same force and effect as if more fully and at length set forth herein.

61. That the Plaintiff Breeden seeks punitive damages against each and every individually named Defendants including but limited to Defendant LEWIS.

62. That the Plaintiff seeks punitive damages against each individually name defendant to deter the Defendants police officers and other like-minded individuals police officers from engaging in future similar conduct.

63. That punitive damages is warranted under the facts and circumstance of this case because the defendants acted with deliberate, premeditated and specific intent as part of a policy to deprive the Plaintiff of his rights, knowing that such Plaintiff had not broken any laws.

64. That upon information and belief had these Defendants done a proper investigation, and exercised their duty without prejudice, disdain, contempt or other impermissible grounds such as the Plaintiff's race or social status, they would not have stopped, searched and seized this Plaintiff without probable cause or reasonable suspicion.

65. That by reason of the above deprivation, Plaintiff demand THIRTY MILLION ($30,000,000.00) DOLLARS from said individually named defendants to deter future conduct as happened herein.

66. That by reason of the aforesaid violations, the Plaintiff request the following relief:

   a) Compensatory damages in the sum of Thirty Million($30,000,000.00) DOLLARS for each cause of action;

   b) Punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS for each cause of action.

   c) An award of reasonable attorney's fees, costs and disbursements;

   d) Plaintiff requests a trial by jury of all issues involved in this complaint;

   e) Such other and further relief as this Court may deem just and proper under the circumstances.

## IV.

## AS AND FOR A FOURTH CAUSE OF
## ACTION ON BEHALF OF PLAINTIFF:
## <u>NEGLIGENCE IN TRAINING AND SUPERVISING</u>

67. Plaintiff Breeden, hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 66 with the same force and effect as if more fully and at length set forth herein.

68. That the defendant NYC and the NYPD, their agents, servants and employees, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named Defendants.

69. That the defendant NYC and the NYPD, their agents, servants and employees failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent police officers and captains.

70. That the defendant NYC and the NYPD, their agents, servants and employees failed to give their employees proper instruction as to their department, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

71. That the aforesaid occurrence, to wit the false arrest and cruel and inhumane treatment, and negligence of hiring resulting in injuries therefrom, were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of Plaintiff Breeden.

72. That by reason of the aforesaid Plaintiff Breeden was injured because of the false charges.

That by reason of the aforesaid, the Plaintiff Breeden has been damaged.

# V.

13

## AS AND FOR FIFTH CAUSE OF ACTION ON BEHALF OF
## PLAINTIFF: CIVIL RIGHTS ACTION 42 USC §1985

73. Plaintiff BREEDEN hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 72 with the same force and effect as if more fully and at length set forth herein.

74. Upon information and belief, on or about May 26, 2012, the Defendant entered into an actual or tacit agreement to deprive Plaintiff BREEDEN of his constitutional rights and civil rights.

75. Upon information and belief, on or about May 26, 2012 the Defendants entered into said agreement for the express purpose of depriving Plaintiff BREEDEN of equal protection of the law, equal privileges and immunities und ether law, due process of law under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

76. Upon information and belief, on or about May 26, 2012, in furtherance of the said conspiracy, the defendants did in fact manufacture and falsify evidence against Plaintiff BREEDEN resulting in serious and permanent injuries to PLAINTIFF' person, dignity and humanity.

77. Upon information and belief, on or about May 26, 2012, in furtherance of the said conspiracy to cover-up the said false arrest, did maliciously prosecute the PLAINTIFF.

78. Upon information and belief, on or about May 26, 2012, the Defendant entered into said agreement for the express purpose of depriving PLAINTIFF of equal protection of the law, equal privileges and immunities und ether law, due process of law under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

14

79. Upon information and belief, on or about May 26, 2012, the defendants, as a ruse to cover up their acts and omissions, disregarded PLAINTIFF's obvious innocence.

80. Upon information and belief, on or about May 26, 2012 the Defendants furthered the goals of the aforementioned policy, practice and custom to pad their number of arrest and to meet a quota system initiated and maintained by the 81st Precinct.

81. Upon information and belief, on or about May 26, 2012 the Defendants' acts and omissions were motivated by Plaintiff BREEDEN's race, age, ethnicity and social status.

82. That the aforesaid unlawful stop, search, seizure, deprivation, deliberate indifference, detentions and prosecution of Plaintiff by the Defendants, deprived Plaintiff BREEDEN of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, in that the Defendant falsely imprisoned the Plaintiff and conspired to cover up their acts and omissions, and otherwise violated Plaintiff without any conduct on the part of the Plaintiff to so warrant.

By reason of the aforesaid, Plaintiff has been damaged.

## VI.

## AS AND FOR SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *DENIAL OF SUBSTANTIVE DUE PROCESS*

83. The Plaintiff BREEDEN, hereby repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 82 with the same force and effect as if more fully and at length set forth herein.

84. Upon information and belief, on or about May 26, 2012 the Defendants created false evidence against Plaintiff.

15

85. Upon information and belief, on or about May 26, 2012 the Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's Office.

86. In creating false evidence against Plaintiff BREEDEN, and in forwarding false evidence to prosecutors, the Defendants violated Plaintiff right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States

87. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff BREEDEN has been damaged.


## VII.

## AS AND FOR SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *FAILURE TO INTERVENE*

88. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in paragraphs marked 1 through 87 with the same force and effect as if more fully and at length set forth herein.

89. Those individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

90. Accordingly, the individual Defendant who failed to intervene violated the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States.

91. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff BREEDEN, has been damaged.

## VIII.

### AS AND FOR EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *EQUAL PROTECTION CLAUSE, 42 U.S.C. § 1983*

92. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in paragraphs marked 1 through 91 with the same force and effect as if more fully and at length set forth herein.

93. The Defendants' conduct was tantamount to discrimination against Plaintiff based on his race, age and vulnerability.

94. Other individuals who are not on equal par wit Plaintiff Breeden are not targeted for random stops, searches and seizures; falsely imprisoned; conspired against; subjected to cruel and inhumane treatment, and otherwise blatantly violated.

95. This disparate treatment caused Plaintiff to suffer serious injuries.

96. As a result of the foregoing, Plaintiff was deprived of his rights under the Equal Protection Clause of the Constitution of the United States, and is thereby entitled to damages.

That by reason of the aforesaid, the Plaintiff Breeden  has been damaged.


## IX.

### AS AND FOR NINETH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983*

97. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in paragraphs marked 1 through 96 with the same force and effect as if more fully and at length set forth herein.

98. Defendants Sgt. Doe and Defendant Lt. Passolo personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of

others in failing to properly supervise his subordinate employees regarding the adequate and proper investigation of the underlying facts that preceded Plaintiff's stop, search and seizure.

99. Defendants Sgt. Doe and Defendant Lt. Passolo personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise their subordinate employees regarding the adequate and proper marshaling of evidence.

100. Defendants Sgt. Doe and Defendant Lt. Passolo personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise their subordinate employees regarding the adequate and proper grounds for stopping, searching and seizing Plaintiff Breeden, despite no legal basis for doing so.

101. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff Breeden, has been damaged.

## X.

## AS AND FOR TENT CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *MONELL*

102. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein in paragraphs marked 1 through 101 with the same force and effect as if more fully and at length set forth herein.

103. This is not an isolated incident. Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Plaintiff.

104. Defendant NYC, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and

moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

105.    Defendant NYC, through the NYPD, has a de facto policy that encourages totalitarian and dictatorial supervision of inmates, abuse, unlawful arrests, the fabrication of evidence, and perjury.

137.    Defendant NYC, through the NYPD, has a de facto employee promotion policies that encourages negligent investigations; the fabrication of evidence; perjury.

138.    Defendant The City of New York, through the NYPD have had, and still have, hiring practices that they know will lead to the hiring of employees lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

139.    Defendant NYC through the NYPD, have de facto policies that encourage competition among employees.  These policies encourage negligent investigations; the fabrication of evidence; perjury; and improper manipulation of subordinates.

140.    Defendant NYC, at all relevant times, were aware that the individual Defendant routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

141.    Defendant NYC through the NYPD, at all relevant times, was aware that the individual Defendant are unfit officers, attorneys, and employees who have previously committed the acts alleged herein  and/or have a propensity for unconstitutional conduct.

142.    These policies, practices, and customs were the moving force behind Plaintiff injuries.

106.    The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by Plaintiff.

19

107. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein have a propensity for unconstitutional conduct, or have been inadequately trained.

108. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.

109. The City failed to properly train, retrains, supervises, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

110. In addition, the following are City policies, practices and customs:

    (a) Arresting innocent individuals, based on a pretext, in order to meet productivity goals;

    (b) Fabricating evidence against individuals;

    (c) Using and threatening the use of excessive force on individuals;

    (d) Retaliating against individuals who engage in free speech.

    (e) Performing baseless strip-searches on individual for minor offenses as a matter of course, and

    (f) performing baseless body-cavity searches on individual for minor offenses as a matter of course

That by reason of the aforesaid, the Plaintiff BREEDEN, has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

(a)    Compensatory damages against all Defendant, jointly and severally;

(b)    Punitive damages against the individual Defendant, jointly and severally;

(c)    Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d)    Such other and further relief as this Court deems just and proper

Dated:   New York, New York
         The   17   day of   July 2013

                                        _____
                                        D. Andrew Marshall, Esq.
                                        Attorney for the PLAINTIFF
                                        225 Broadway, Suite 1804
                                        New York, New York 10007
                                        (212) 571-3030 (office)
                                        (212) 587-0570 (facsimile)
                                        marshall.law4@verizon.net

## VERIFICATION

STATE OF NEW YORK    )
                                              ) Ss:
COUNTY OF                       )

**WILLIE BREEDEN,** being first duly sworn hereby deposes and says that:

1.      I am the Plaintiff in this action.

2.      I am over eighteen years of age and reside in the ,
          County, City and State of New York.

3.      I verify that the statements made to my attorney are true to the
          best of my knowledge and belief.

4.      All allegations made which are based upon information and
          belief are made after consultation with my attorney and on the
          bases of the information available t me at this time.

5.      I further verify that I have read the forgoing Complaint and that
          I know the contents thereof; the same is true to my knowledge,
          except to the matters therein stated to be alleged on information
          and belief, and as to those matters I believe to be true.

**WILLIE BREEDEN**

State of New York    )
County of New York         ) Ss.:

On,  July 16  2013  before me, the undersigned,  personally appeared **WILLIE BREEDEN,** personally know to me or provided to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument be the individuals described in and who executed the foregoing and duly acknowledged to me that he executed it.

_____
(signature and office of the individual taking acknowledgment)

**DARRELL A. MARSHALL**
**NOTARY PUBLIC**
**STATE OF NEW YORK**
**REG. NO. 20MA6102966**
**EXPIRES** 12-17-14

22

## ATTORNEY'S VERIFICATION

**D. Andrew Marshall, Esq.,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am the attorney of record for Plaintiff in the instant action. I have read the annexed

## VERIFIED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

Dated:   New York, New York
         The 24ᵀᴴ day of JULY   2013

                                        _____
                                        D. Andrew Marshall, Esq.
                                        Attorney for the PLAINTIFF
                                        225 Broadway Suite 1804
                                        New York, New York 10007
                                        (212) 571-3030 (office)
                                        (212) 587-0571 (facsimile)

State of New York      )
County of New York        ) Ss.:

On, ⁊ ⎩ ⌐ ⌐ ⎩ ⁊ ⁊ before me, the undersigned,  personally appeared **D. Andrew Marshall, Esq.**, personally know to me or provided to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument be the individuals described in and who executed the foregoing and duly acknowledged to me that he executed it.

_____
(signature and office of the individual taking acknowledgment)

HUBERT M. CUNNIFFE
Notary Public, State of New York
No. 02CU4838756
Qualified in New York County
Commission Expires July 31, 20__

23